**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**

| | |
|---|---|
| **SALIF DIALLO,** | **CASE NO. 2:26-cv-254-KKC** |
| **Petitioner,** | |
| **v.** | **OPINION & ORDER** |
| **IMMIGRATION AND CUSTOMS ENFORCEMENT,** *et al.*, | |
| **Respondents.** | |

Before the Court is a writ of mandamus filed by Petitioner Salif Diallo against Respondents Immigration and Customs Enforcement ("ICE") and Boone County Detention Center ("BCDC") (collectively, "Respondents"). (R. 1.) Respondents filed separate responses. (R. 4, 6.) Petitioner did not file a reply and the time to do so has passed. (*See* R. 3.) For the following reasons, the Court will deny the petition.

### I. BACKGROUND

Salif Diallo is a native and citizen of Mauritania. (R. 4-1, at 2.) He entered the United States without inspection and was first arrested by Immigration and Customs Enforcement ("ICE") on May 21, 2004. (*Id.*) On June 29, 2006, the Immigration Court ordered Diallo removed to Senegal or Mauritania. (R. 4-3.) The removal order survived Diallo's appeal to the Board of Immigration Appeals ("BIA"). (R. 4-4.) It also survived Diallo's petition for review to the United States Court of Appeals for the Sixth Circuit. (R. 4-5.) The BIA denied both of Diallo's motions to reopen his case. (R. 4-6, 4-7.)

On March 19, 2026, Diallo attempted to use a fake identification for travel purposes with the Transportation Security Administration at the Cincinnati Airport. (R. 4-8.) He was

charged with criminal possession of a forged instrument in the second degree and giving an officer false identification. (*Id.*) Diallo pled guilty to giving the officer false identification and was sentenced to seven days in jail with condition discharge for two years. (*Id.*)

On March 27, 2026, Diallo was served with a "Warrant of Removal/Deportation" and taken into custody by ICE for removal. (R. 4-9.) His previously-granted release was revoked. (R. 4-10.) Diallo is currently detained at the Boone County Detention Center, pending his removal.

On June 8, 2026, Diallo, proceeding *pro se*, filed the instant Petition for Writ of Mandamus, seeking immediate release.[1] (R. 1.) Diallo alleges he has been detained without an opportunity to obtain release on bond or otherwise challenge his detention. (*Id.*)

On June 16, 2026, ICE filed its response, arguing that Diallo is properly detained under 8 U.S.C. § 1321. (R. 4.) On June 25, 2026, BCDC filed its response, arguing that BCDC is not an entity *sui juris* and that a petition for writ of habeas corpus, not a writ of mandamus, is the proper avenue for the requested relief. (R. 6.) Diallo did not file a reply.

## II. ANALYSIS

Diallo seeks a writ of mandamus. District courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the Untied States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Still, "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Carson v. U.S. Off. of Special Couns.*, 633 F.3d 487, 491 (6th Cir. 2011) (quoting *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980)).

---

[1] Although the docket characterizes Diallo's Petition as one for a writ of habeas corpus (*see* R. 1), Diallo writes in his petition that it is a "Motion of Mandamus" and seeks only mandamus relief. (*Id.*) Respondents also refer to the petition as a "Motion for Mandamus." (*See* R. 4, 6.)

Because of its drastic nature, mandamus relief is only appropriate where three conditions are satisfied. First, "a petitioner must 'have no other adequate means to attain the relief [he] desires – a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." *In re King's Daughters Health Sys., Inc.*, 31 F.4th 520, 525-26 (6th Cir. 2022) (quoting *Cheney v. U.S. Dist. Ct. for the Dist. of Colombia*, 542 U.S. 367, 380 (2004)). Second, a petitioner must demonstrate a "clear and indisputable right to the relief sought." *Id.* at 526 (quotation omitted). "Finally, a petitioner must show that issuing the writ is otherwise appropriate under the circumstances." *Id.* (quotation omitted). If a petitioner fails to establish any one of these three conditions, he cannot obtain a writ of mandamus.

Diallo seeks an order from this Court compelling ICE and BCDC to release him from custody. (R. 1.) He alleges that he has been in custody since March 19, 2026, and has been held as an ICE detainee since March 27, 2026. (*Id.*) Diallo argues that his continued detention at BCDC constitutes "punishment without due process." (*Id.* at 1.) He explains that his present detention violates his right to due process because does not have a criminal history, criminal charge, or "court date or date of resolution." (*Id.*)

The Court will begin—and conclude—with the first requirement for mandamus relief: no other adequate means to attain the desired relief. As Respondents observe, Diallo has other means to attain his desired relief. (*See* R. 6 at 3.) A petitioner "must challenge his detainer and immigration removal proceedings in a habeas case rather than a mandamus or civil rights case." *Patel v. U.S. DHS*, No. 1:22-CV-2680-ELR-JEM, 2022 U.S. Dist. LEXIS 249775, at *4 (N.D. Ga. Aug. 10, 2022), *report and recommendation adopted sub nom. Patel v. U.S. Att'y Gen.*, No. 1:22-cv-02680-ELR, 2022 U.S. Dist. LEXIS 249778 (N.D. Ga. Oct. 11, 2022); *see generally Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that, "when a

3

state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").

Because Diallo has other adequate means to attain release from imprisonment, the Court will deny his motion for mandamus relief.

### III. CONCLUSION

Accordingly, the Court hereby **ORDERS** that Diallo's Petition for Writ of Mandamus (R. 1) is **DENIED**. The Clerk of Court is directed to strike this matter from the Court's active docket.

This 14th day of July, 2026.

**Signed By:**

*Karen K. Caldwell*

**United States District Judge**

4